MEMORANDUM **
In these consolidated petitions, Eduardo Dzul Guerrero, his wife Rosario Del Car *490 men CM Dzul, and their son, natives and citizens of Mexico, seek review of the Board of Immigration Appeals’ (“BIA”) orders dismissing their appeal from an immigration judge’s demal of their applications for cancellation of removal and denying them motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, Ram v. INS, 243 F.3d 510, 516 (9th Cir.2001), and we review for abuse of discretion the denial of a motion to reopen, Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003). We dismiss in part and deny in part the petition for review in No. 05-73672, and we deny the petition for review in No. 05-77338.
We lack jurisdiction to review the BIA’s discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 929-30 (9th Cir.2005); see also 8 G.F.R. § 1003.1(d)(3)(h) (BIA may review de novo questions of discretion). We do not consider petitioners’ contention regarding physical presence, because petitioners’ failure to establish hardship is dis-positive.
We are not persuaded that petitioners’ removal results in the deprivation of their children’s rights.
The BIA did not abuse its discretion in denying petitioners’ motion to reopen as untimely where petitioners filed the motion five months after the BIA’s final order of removal, see 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within ninety days of final order of removal), and did not show they were entitled to equitable tolling, see Iturribarria, 321 F.3d at 897 (deadline for filing motion to reopen can be equitably tolled “when petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence”). It follows that the BIA did not violate due process. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).
Petitioners’ remaining contentions are not persuasive.
No. 05-73672: PETITION FOR REVIEW DISMISSED in part; DENIED in part.
No. 05-77338: PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.